IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| KENNETH J. KONIAS JR., | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-01550-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID DRUSKIN, PA-C; KRISTINA | ) | |
| TANNER, MICHAEL HERBIK, DOCTOR; | ) | |
| MARK ROMEASE, NEDRA GREGO- | ) | |
| RICE, CHCA; MARK V. CAPOZZA, | ) | |
| CORRECT CARE SOLUTIONS, MEDICAL | ) | |
| PROVIDER; JOHN E. WETZEL, KIM | ) | |
| BILLOW, DORINA VARNER, CHIEF | ) | |
| GRIEVANCE ADMINISTRATOR; | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, BOB MARSH, DOCTOR; | ) | |
| AND  ALL MEDICAL STAFF @ SCI | ) | |
| FAYETTE WORKING THE NIGHT SHIFT | ) | |
| ON NOVEMBER 24, 25, 26, 2017, | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

I.    **INTRODUCTION**

Plaintiff initiated this prisoner civil rights action against several medical professionals and corrections officials for his treatment while in the custody of the Pennsylvania Department of Corrections at State Corrections Institution at Fayette ("SCI Fayette").  The following motions are pending before the court:

---

[1]    All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

(1) A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) by Kim Billow, Mark V. Capozza, Nedra Greco-Rice, Bob Marsh, Pennsylvania Department of Corrections, Mark Romease, Kristina Tanner, Dorina Varner and John E. Wetzel (collectively "Corrections Defendants") (ECF No. 45);

(2) A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) by Correct Care Solutions, David Druskin and Michael Herbik (collectively "Medical Defendants") (ECF No. 48); and

(3) A motion to strike certificate of merit by Medical Defendants (ECF No. 50).

The motions are fully briefed and ripe for disposition.  Jurisdiction is proper under 28 U.S.C. § 1331.  For the reasons that follow, Corrections Defendants' motion to dismiss (ECF No. 45) is granted in its entirety, Medical Defendants' motion to dismiss (ECF No. 48) is granted in part and denied in part and Medical Defendants' motion to strike certificate of merit (ECF No 50) is denied without prejudice.

## II.   BACKGROUND

Plaintiff claims that on November 24, 2017, Medical Defendants removed Plaintiff from his mental health medications for a period of four days after which he experienced convulsions, problems breathing, chest pains, vomiting, physical pain, the inability to eat, dizziness, ringing in the ears, diarrhea, cramping, flu-like symptoms, migraine headaches, sweating, blurred vision, the inability to focus or concentrate, uncontrollable twitching of his muscles, nightmares, trouble sleeping, depression and blacking in and out.

Plaintiff claims that on November 25, 2017, a corrections officer found Plaintiff passed out and unresponsive in his cell and called in a medical emergency.  An unnamed member of the medical staff told the corrections officer that they were not coming and told Plaintiff to put in a sick call request.

Plaintiff put in a sick call request and was thereafter seen by medical who gave him his

mental health medication and was seen by the Psychiatrist, Dr. Saveedra.  Plaintiff claims that Dr. Saveedra told Plaintiff that Medical Defendants deleted Plaintiff's medications from the computer because when a medication is ordered in the computer system, if the medication is from the same type of group, the computer asks the prescriber if they want to delete the previous older order. According to Plaintiff, because Plaintiff was prescribed a medication for pain in his wrist and because his mental health medication was in the same category, the computer asked if they wanted to delete his mental health medication and Medical Defendants deleted the older order.

Plaintiff initiated this suit proceeding pro se.  Defendants moved to dismiss Plaintiff's complaint arguing it failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).  In response to the motions to dismiss, Plaintiff amended his complaint, which is the operative pleading subject of the present motions to dismiss.  In his amended complaint, Plaintiff asserts numerous civil rights claims, including inter alia, deliberate indifference, due process violations and several violations of the Pennsylvania Crimes Code.  Plaintiff is proceeding pro se and his complaint will be construed to do substantial justice.  Because his complaint includes numerous civil rights claims that are not applicable here, his complaint will be interpreted as asserting an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983.[2]

---

[2]     For example, Plaintiff's complaint contains references to the Eleventh Amendment, the Fourteenth Amendment, and the American with Disabilities Act. There is no recognized cause of action under the Eleventh Amendment as it deals with states' immunity to federal lawsuits, *see Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) n. 14 (1985), Plaintiff is a convicted prisoner and not a pretrial detainee so his deliberate indifference claim will be analyzed under the Eighth Amendment and not the Due Process Clause of the Fourteenth Amendment, *see Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003), and Plaintiff has failed to assert any facts that could reasonably be inferred to allege he was denied any benefits or services or discriminated against based on any alleged disability and has therefore not stated a claim under the ADA. *See* 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities by a public entity, or be subjected to discrimination by any such entity.").  Accordingly, the only civil rights claim that can be gleaned from Plaintiff's

### III.    STANDARD OF REVIEW

A pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a pro se complaint under § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted).  While pro se litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to pro se litigants" because pro se litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245, 58 V.I. 691 (3d Cir. 2013). *U. S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read "with a measure of tolerance")).

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not

---

complaint is a deliberate indifference to serious medical needs claim under the Eighth Amendment.

impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer*

*v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached , without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.    DISCUSSION

While each group of Defendants separately move to dismiss Plaintiff's claims, because some arguments and grounds for dismissal overlap, the court will consider the motions in tandem based upon the arguments raised therein.

### a.    *Lack of Jurisdiction over Plaintiff's claims brought under the Pennsylvania Crimes Code*

Plaintiff asserts several claims that list offenses under the Pennsylvania Crimes Code. (ECF No. 42 at ¶ 43). Federal courts are courts of limited jurisdiction and cannot enforce state criminal laws. *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 634 (E.D. Pa. 2014) (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014); *Lepre v. City of Scranton Police*, No. 3:12-CV-695, 2013 WL 1498028, at *4 (M.D. Pa. Mar. 11, 2013), *report and recommendation adopted sub nom. Lepre v. City of Scranton Police Dep't*, No. CIV.A. 3:12-0695, 2013 WL 1482905 (M.D. Pa. Apr. 11, 2013). Moreover, "a

private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973). Therefore, a private citizen like Plaintiff cannot assert civil claims alleging violations of a state penal code.   Accordingly, Plaintiff's claims made under the Pennsylvania crimes code are dismissed with prejudice because the court lacks jurisdiction and amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### b.  Violations of DOC Policy

Plaintiff alleges that several unnamed Defendants violated unnamed DOC policies.  Prison policies and regulations do not have the force of law and if violated are not actionable under § 1983. *Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (allegations that prison regulations are violated are not actionable).   Therefore, to the extent that Plaintiff intended to bring constitutional claims related to the alleged violation of internal prison policies and regulations, these claims are not legally recognized under § 1983 and are dismissed with prejudice as amendment would be futile. *Grayson*, 293 F.3d at 108.

### c.  Eleventh Amendment Immunity

The Eleventh Amendment bars actions in federal courts against states and their agencies. *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977) (state agencies).  The DOC is a state agency entitled to immunity under the Eleventh Amendment. See *Steele v. Pennsylvania*, No. CIV.A. 07-271, 2009 WL 614800, at *8 (W.D. Pa. Mar. 6, 2009).  "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky*, 473 U.S. at 167 n. 14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978)).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, *Wilson v. Vaughn*, No. CIV. A. 93-CV-6020, 1996 WL 426538, at *1 (E.D. Pa. July 30, 1996) n. 2 (E.D. Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. *Smith v. Luciani*, No. CIV.A. 97-3037, 1998 WL 151803, at *4 (E.D. Pa. Mar. 31, 1998). Accordingly, all claims against the DOC are dismissed with prejudice as amendment would be futile. *Grayson*, 293 F.3d at 108.

### d.  Personal Involvement

To establish personal liability against a defendant in a § 1983 action, the defendant must have personal involvement in the alleged wrongs. That is, the state actor must have played an affirmative part in the alleged misconduct to be subject to liability. *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Stated differently, a prison official is personally involved in and alleged civil rights violation if it is alleged he personally directed the acts resulting in the violation or actually knew of the violation and acquiesced. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005),

### i.   Corrections Defendants

Corrections Defendants argue that Plaintiff has not alleged any personal involvement in the alleged wrongs he claims. Plaintiff names the following individual Corrections Defendants: (1) Kristina Tanner; (2) Mark Romease; (3) Nedra Grego-Rice; (4) Mark V. Capozza; (5) John E. Wetzel; (6) Kim Billow; (7) Dorina Varner; and (8) Bob Marsh.

The complaint asserts no facts against any of these individuals. The only reference to these individuals in Plaintiff's complaint is when they are named as Defendants. Fed. R. Civ. P. 8

requires a plaintiff to provide a "short and plain statement of the claim showing" he is entitled to relief in order to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 127 S. Ct. at 1964.  Simply naming defendants in a complaint without including any factual involvement of those defendants in the alleged wrongs is insufficient to state a claim. *Cross v. Losinger*, No. CIV A 3CV-07-0415, 2007 WL 954313, at *1 (M.D. Pa. Mar. 28, 2007) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.").  Plaintiff was previously given the opportunity to amend his complaint after Defendants had submitted a motion to dismiss and made no effort to include any facts to support any claim against these defendants. Accordingly, all claims against the remaining Corrections Defendants are dismissed with prejudice, as amendment would be inequitable and futile.  *Alston*, 363 F.3d at 235; *Grayson*, 293 F.3d at 108.

e. *Deliberate Indifference under the Eighth Amendment*

Turning to the remaining claim – a Eighth Amendment deliberate indifferent to serious medical needs against Medical Defendants – the court finds that Plaintiff has adequately stated a claim as to Dr. Herbik, PA Druskin and the John Doe Defendants.

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged "to provide medical care for those whom it is punishing by incarceration." *Estelle*, 429 U.S. at 103.  "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id.* at 104 (citation omitted).  Such a claim requires that a plaintiff allege "(i) a serious medical need, and (ii) acts or omissions by prisoner officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582; see also *West v. Keve*, 571 F.2d 158, 161 (3d

Cir. 1978) ("This standard is two-pronged. It requires deliberate indifference on the part of prison

officials and it requires the prisoner's medical needs to be serious.").

A medical need is "serious" if "it is one that has been diagnosed by a physician as requiring

treatment or one that is so obvious that a lay person would easily recognize the necessity for a

doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d

Cir. 1987) (internal quotation omitted). "The seriousness of an inmate's medical need may also be

determined by reference to the effect of denying the particular treatment." *Id.*

The "deliberate indifference" a plaintiff must allege lies "somewhere between the poles of

negligence at one end and purpose or knowledge at the other" and is frequently equated with

recklessness as that term is defined in criminal law. *Farmer v. Brennan*, 511 U.S. 825, 836–37,

114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). This standard "affords considerable latitude to prison

medical authorities in the diagnosis and treatment of the medical problems of inmate patients."

*Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has

received medical care and only the adequacy of the treatment is disputed, courts are often reluctant

to second guess professional medical judgment. See *id.* However, deliberate indifference can be

manifested by an intentional refusal to provide care, delayed medical treatment, and the denial of

prescribed medical treatment. See *Durmer v. O'Carroll*, 991 F.2d 64, 64 (3d Cir. 1993); *Giles v.

Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) ("Deliberate indifference may be shown by

intentionally denying or delaying medical care."). A mere difference of opinion between the prison

medical staff and the inmate regarding the diagnosis or treatment received by the inmate does not

constitute deliberate indifference. *Monmouth County Correctional Institutional Inmates*, 834 F.2d

at 346. Indeed, "[m]ere medical malpractice, negligence, and courses of treatment inconsistent

with the desires of the prisoner . . . do not constitute deliberate indifference to serious medical

needs." *Lopez v. Corr. Med. Servs., Inc.*, 499 F. App'x 142, 146 (3d Cir. 2012) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).  The key question is whether the defendant has provided the inmate with some type of treatment, regardless of whether it is what the inmates desires. See, e.g., *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990)("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.").

      i.   <u>Defendants Dr. Herbik and PA Druskin</u>

Medical Defendants argue that the inadvertent cancelation of Plaintiff's medication from the computer system which resulted in him not receiving his medication does not amount to deliberate indifference, but instead is at most a mistake that sounds in negligence.

At this stage of the litigation, Plaintiff has stated a claim for deliberate indifference to his serious medical needs.  He has alleged his prescribed medical treatment was delayed for non-medical reasons, i.e., he was not given his necessary medication because Dr. Herbik and/or PA Druskin mistakenly canceled it.  Plaintiff has the ultimately burden of proving whether this delay was intentional and the personal involvement of both Defendants, but at this procedural posture, he has adequately stated a claim against Dr. Herbik and PA Druskin for deliberate indifference under the Eighth Amendment. See *Washington v. Gilmore*, 841 F. App'x 466, 469 (3d Cir. 2021).

      ii.   <u>John Doe Defendants</u>

Plaintiff also names "All Medical Staff at SCI Fayette Working the Night Shift on November 24, 25, and 26, 2017" as Defendants.  These individuals have not been named at this stage and are considered "John Doe Defendants."  The "[u]se of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified. . . .  If reasonable discovery does not unveil the proper identities, however, the John

Doe defendants must be dismissed." See *Blakeslee v. Clinton Cty.*, 336 F. App'x 248, 250 (3d Cir. 2009) (citations omitted).  The court finds that Plaintiff has stated a claim against the John Doe Defendants for deliberate indifference to his serious medical needs.  Plaintiff alleges that he was experiencing severe symptoms from being removed from his medication, that the John Does knew that Plaintiff should not have been removed from the medication and they failed to render emergency care to him by forcing him to sign up to sick call instead of treating him.  These allegations set forth a "denial of reasonable requests for treatment that results in suffering or risk of injury[,]" *Washington*, 841 F. App'x at 468–69 (citing *Durmer*, 991 F.2d at 68), and therefore Plaintiff has adequately stated a claim for deliberate indifference under the Eighth Amendment against the John Doe Defendants.

iii.   *Monell* Liability against Correct Care Solutions

Correct Care Solutions argues that Plaintiff has failed to identify any policy, custom or practice that constitutes deliberate indifference and Plaintiff's complaint merely alleges vicarious liability against it.

A municipality or other local government may be liable under § 1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *Id.* at 692. Under § 1983, local governments are responsible only for "their own illegal acts." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665–683, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  They are not vicariously liable under § 1983 for their employees' actions. *Id.* at 691; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (collecting cases).  "Monell applies not only to

12

municipalities, but also extends to private organizations faced with § 1983 liability for actions under color of state law." *Kauffman v. Pennsylvania Soc. for the Prevention of Cruelty to Animals*, 766 F. Supp. 2d 555, 561–62 (E.D. Pa. 2011); see also *Regan v. Upper Darby Twp.*, 363 F. App'x 917, 922 (3d Cir. 2010) ("[A] city, municipality, or private entity that is a state actor may not be held vicariously liable under § 1983 for the actions of its agents because there is no respondeat superior theory of municipal liability.").

In his response, Plaintiff indicates that he intends to assert an ADA claim against Correct Care Solutions.

Regardless if Plaintiff attempted to assert a § 1983 claim or an ADA claim against Correct Care Solutions, both fail as a matter of law. Plaintiff has not attempted to identify any policy, practice or custom that allegedly lead to the violation of his constitutional rights and because Correct Care Solutions cannot be held vicariously liable for the acts of its employees, to the extent that Plaintiff intended to state a claim under section 1983 against Correct Care Solutions, Plaintiff's claims are dismissed with prejudice as amendment would be inequitable and futile. See *Alston*, 363 F.3d at 235; *Grayson*, 293 F.3d at 108. Additionally, Plaintiff's ADA claim against Correct Care Solution also fails because private corporations do not constitute "public entities" under Title II of the ADA. *Kloss v. Correct Care Sols.*, No. 1:18-CV-0025, 2018 WL 6268270, at *4 (W.D. Pa. Oct. 31, 2018), *report and recommendation adopted sub nom. Kloss v. Correct Care Sols., LLC,* No. CV 18-25, 2018 WL 6266921 (W.D. Pa. Nov. 30, 2018) (finding no ADA claim against Correct Care Solutions because it is a private corporation and not a public entity). Accordingly, Plaintiff's claims against Correct Care Solutions are dismissed with prejudice, as amendment would be futile. *Grayson*, 293 F.3d at 108.

   *f.   Medical Defendants' motion to strike certificate of merit*

Finally, Medical Defendants seek to strike Plaintiff's certificate of merit as it relates to his negligence claim.  As a preliminary matter, Plaintiff's amended complaint does not explicitly state he intends to assert a common law negligence claim against any of the Medical Defendants. Instead, in response to Medical Defendants' motion to dismiss, Plaintiff claims that he intends to assert a claim of medical negligence.  A party cannot add claims through responding to a motion to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  However, given Plaintiff's pro se status and the requirement that courts construe pleadings liberally and without concern for whether the plaintiff has correctly named the legal cause of action, the court will construe his complaint as setting for a claim for negligence against the remaining Medical Defendants in connection with their mistaken removal of his medication and their failure to provide him with emergency medical care.

Pennsylvania law requires that a certificate of merit accompany a claim for professional liability brought against designated licensed professionals, including health care providers. See Pa.R.C.P. No. 1042.3 and 1042.1(b). The United States Court of Appeals for the Third Circuit has held that Rule 1042.3 is substantive law under the Erie doctrine and must be applied as such by federal courts. *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258 (3d Cir. 2011).  This requirement of state law applies with equal force to counseled complaints, and to pro se medical malpractice actions brought under state law. See *Leaphart v. Prison Health Servs., Inc.*, No. 3:10-CV-1019, 2010 WL 5391315 (M.D. Pa. Nov. 22, 2010).  Courts, however, have concluded that a plaintiff's compliance with Rule 1042.3, by "attesting that expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim," is "not fatal at this stage of the proceedings [i.e., a pending motion to dismiss]." See *Moore v. Wetzel*, No. 1:18-CV-1523, 2019

14

WL 1397405, at *13 (M.D. Pa. Mar. 6, 2019), report and recommendation adopted, 2019 WL

1383631 (M.D. Pa. Mar. 27, 2019). As the Court of Appeals for the Third Circuit has noted:

> There is no basis in Pennsylvania law that would permit a district court to reject a filing under Rule 1042.3(a)(3) in favor of one filed under Rule 1042.3(a)(1). Pennsylvania law expressly allows a plaintiff to proceed on the basis of a certification that expert testimony will not be required to prove h[is] claim. Of course, the consequence of such a filing is a prohibition against offering expert testimony later in the litigation, absent "exceptional circumstances." Pa. R. Civ. P. 1042.3(a)(3), Note. A filing under this rule allows the case to proceed to discovery, leaving the consequence of [the plaintiff's] decision to be dealt with at a later stage of the litigation, such as summary judgment or trial.

*Liggon-Redding*, 659 F.3d at 265.  Plaintiff has submitted certificates indicating that expert

medical testimony is not necessary to prove his negligence claim.  The Court therefore declines to

dismiss Plaintiff's medical malpractice claims against the Medical Defendants at this time and

their motion is denied.

## V.    CONCLUSION

Based on the foregoing, Corrections Defendants' motion to dismiss is granted in its

entirety, Medical Defendants' motion to dismiss is granted in part and denied in part, and Medical

Defendants' motion to strike Plaintiff's certificate of merit is denied.  The following claims remain:

(1) An Eighth Amendment deliberate indifference claims under § 1983 against Dr. Herbik, PA

Druskin and the John Doe Defendants; and (2) a state law negligence claim against Dr. Herbik,

PA Druskin and the John Doe Defendants.

An appropriate Order follows.

Dated: September 28, 2021.                              By the Court,
                                                        s/ Cynthia Reed Eddy
                                                        Cynthia Reed Eddy
                                                        Chief United States Magistrate Judge

15